IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

Case No. 2:20-cv-00061-M

| | | |
|---|---|---|
| FIRST PROTECTIVE INSURANCE CO., | ) | |
| | ) | |
| Plaintiff, | ) | ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| TIMOTHY EMBLETON, and, | ) | |
| VIRGINIA EMBELTON, | ) | |
| | ) | |
| Defendants. | ) | |

Before the Court is Plaintiff's Motion for Entry of Default [DE 11] and a response filed by the Defendants, who are apparently proceeding *pro se* in this action [DE 16]. The record reflects that Defendants executed waivers of service on September 10, 2020 indicating their understanding that, within sixty days of August 27, 2020, they must file an answer or other response to the Complaint for Declaratory Judgment pursuant to Fed. R. Civ. P. 12. DE 7, 8. When they failed to do so, this court issued a Notice Directing Plaintiff to Proceed After Failure to Answer ("Notice") on October 30, 2020. DE 9. In the Notice, the Court ordered Plaintiff to "proceed in accordance with Rule 55(a) of the Federal Rules of Civil Procedure and Local Civil Rule 55.1 to obtain an entry of default" and warned Plaintiff that, "[i]f no steps are taken within 21 days of receipt of this notice, the court will require you to show cause why this action should not be dismissed as to defendants Timothy Embleton and Virginia Embleton North Carolina LLC for failure to prosecute." *Id.* The record indicates that the Notice was served on Plaintiff's counsel by email on October 30, 2020. *Id.* However, Plaintiff failed to comply with the order on or before the deadline, November 20, 2020.

Accordingly, the court issued an order to show cause why the case should not be dismissed for

the Plaintiff's failure to prosecute. DE 10. The same day, Plaintiff filed the present motion to which it attached a certificate demonstrating service by mail on the Defendants at the address they provided in the waivers of service. On December 7, 2020, Plaintiff filed a response to the show cause order stating, "Plaintiff was attempting to work on a stipulation during the applicable time period prior to making a Motion for Default as it received several communications via the insurance agent for the Plaintiffs." *Id.* at ¶ 5. The Court found this single statement vague and insufficient not only to demonstrate good cause, but also to demonstrate excusable neglect for Plaintiff's failure to file its motion for entry of default before the November 20, 2020 deadline; thus, the Court issued a second order to show cause on December 8, 2020. DE 13.

Plaintiff filed a timely supplemental response providing additional information [DE 14]; the court found this information sufficient to discharge its order to show cause, noted that the motion had been mailed to the Defendants at their (apparently) correct address, and ordered the Defendants to file a written response to the motion. DE 15. The Defendants filed a timely response on January 4, 2020 [DE 16] and, although provided an opportunity to do so, the Plaintiff did not file a reply brief.

Based on the record, the court finds the Plaintiff filed a proper motion for entry of default pursuant to Fed. R. Civ. P. 55(a). Defendants do not dispute that they failed to file an answer or other response to the Plaintiff's Complaint within the time allowed. Rather, they argue in their response brief that "[h]aving not heard anything from anyone for almost two months we assumed the plaintiff simply dropped the case. That is until we received a copy of the order from the court dated the 11th day of December." DE 16. The court finds Defendants' explanation insufficient; again, they executed waivers of service reflecting their understanding that they were required to file an answer or other response to the Plaintiff's complaint within sixty days of August 27, 2020. Thus, an entry of default pursuant to Fed. R. Civ. P. 55 would be proper here.

2

However, the *pro se* Defendants also set forth in their response brief a purported defense to Plaintiff's claim that they misrepresented information in an application for homeowner's insurance. DE 16. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Acad., Inc. v. Hoover Universal, Inc.*, 616 F.3d 413, 417 (4th Cir. 2010). With this in mind, and considering that the non-movants are proceeding *pro se*, the court will deny the motion without prejudice and order the Defendants to file a written answer or other response to the Complaint pursuant to Fed. R. Civ. P. 12 on or before February 8, 2020. If the Defendants fail to comply with this order, the court will direct the Clerk of the Court to enter default against them pursuant to Fed. R. Civ. P. 55(a).

Therefore, Plaintiff's Motion for Entry of Default [DE 11] is DENIED WITHOUT PREJUDICE. Defendants shall file an answer or other response to the operative Complaint for Declaratory Judgment in accordance with Fed. R. Civ. P. 12 on or before February 8, 2020; if they fail to do so, the court will direct the Clerk of the Court to enter default against them.

SO ORDERED this 25th day of January, 2021.

Richard E. Myers II
RICHARD E. MYERS II
CHIEF UNITED STATES DISTRICT JUDGE